

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 20, 1970

Hon. C. W. Karisch
County Attorney
Waller County Courthouse
Hempstead, Texas 77445

Opinion No. M-710

Re: Can the wife of the County
Road Administrator of
Waller County, which
operates under the Optional
County Road Law (Art. 6716-1,
V.C.S.) be employed in the
Road and Bridge Department
of the County, in view of
Article 433, Vernon's Penal
Code.

Dear Sir:

By your recent letter you have asked the following
question:

"Can the wife of the County Road Administra-
tor of Waller County be employed in the Road and
Bridge Department of Waller County?"

Your letter further states that Waller County operates
under the Optional County Road Law of 1947, Article 6716-1,
Vernon's Civil Statutes.

Our answer to your question is "yes", the wife of the
County Road Administrator may be employed in the Road and
Bridge Department of, Waller County.

Article 6716-1, Section 5, reads, in part, as follows:

-3430-

"If the Commissioners Court is not able to employ a licensed professional engineer for any reason, then the Commissioners Court is authorized to employ a qualified road administrative officer, who shall be known as the County Road Administrator, to perform the duties of the County Road Engineer. The County Road Administrator shall have had experience in road building or maintenance or other types of construction work qualifying him to perform the duties imposed upon him, but it shall not be necessary that he have had any fixed amount of professional training or experience in engineering work. The County Road Administrator shall perform the same duties as are imposed upon the County Road Engineer, and all references in other Sections of this Act to the County Road Engineer shall include and apply to the County Road Administrator."

The pertinent part of Article 432, Vernon's Penal Code, reads as follows:

"No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district, or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, ..."

Article 433, Vernon's Penal Code, reads as follows:

"The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, head of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this State, members of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions. Acts 1909, p. 86."

It is apparent that a County Road Administrator occupies the same position that a County Road Engineer occupies, and lacks only certain professional training or experience in engineering work. Article 6717-1, Sec. 5, supra. However, the administrator holds no higher position than the engineer.

The question of whether a County Road Engineer is a public officer was discussed in Dunbar v. Brazoria County, et al., 224 S.W.2d 738 (Tex.Civ.App. 1949, error ref.) wherein the court stated:

"From an analysis of said Article 6716-1, it is, we think, apparent that the legislature intended in enacting the Statute to make the County Road Engineer a member of the administrative personnel of the County Road Department and not an officer as contemplated in Article 16, Section 30 of the Constitution of this State."

The <u>Dunbar</u> case was cited in <u>Hill v. Sterrett,</u> 252 S.W.2d 766 (Tex.Civ.App. 1952, error ref., n.r.e.).  The court, while considering Article 6716-1, stated, in part, as follows:

". . .As relevant to above proposition, the following conclusions of law appear to be well settled: . . . (7) That sec. 4 of said Road Law, though purporting to create the office of County Engineer, invested the incumbent thereof with no discretionary or sovereign powers; the sum of his duties being under control and supervision of the Commissioners' Court; the section on the whole creating an administrative position and its occupant an <u>employee</u> of the county road department."  (Emphasis added.)

The <u>Dunbar</u> case was further cited with favor in <u>Aldine Independent School District v. Standly,</u> 154 Tex. 547, 280 S.W.2d 578 (1955).

In view of the above, it is our opinion that the County Road Engineer/Administrator is not a position or "officer" within the purview of Articles 432 or 433, Vernon's Penal Code.

### S U M M A R Y

The Texas nepotism laws, Articles 432 and 433, Vernon's Penal Code, are not applicable to a County Road Engineer/Administrator hired under the authority of Article 6716-1, Vernon's Civil Statutes.

The wife of the County Road Administrator of Waller County, which operates under Article 6716-1, Vernon's Civil Statutes, may be employed in the Road and Bridge Department of that County.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
Arthur Sandlin
Steve Hollahan
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant